## D. Cameron *v.* The State.

1. Theft — Charge of Court. — In a trial for theft of a steer, there was evidence tending to show that the defendant took the animal under an honest claim of right. The court ignored this issue in the general charge, and refused a requested instruction on the subject. *Held*, error. The issue of fact was for the determination of the jury, under proper instructions from the court; and if the requested instruction was objectionable, either it or the general charge should have been so modified, in writing, as to present to the jury the law controlling the issue of honest claim of right.

2. Jurisdiction — Venue. — Art. 209 of the Code of Procedure, which provides that an offence committed on or within four hundred yards of a boundary between two counties may be prosecuted in either county, is, in cases of theft, controlled by art. 216, which enacts that when property is stolen in one county and taken to another, the offender may be prosecuted either in the county where he took the property, or in any county through or into which he carried it.

3. Variance. — Indictment charged theft of a "beef-steer." The proof showed that the animal was a steer, but not a beef-steer. *Held*, that the indictment need not have described the steer as a beef-steer, but, having done so, the proof must correspond.

4. Evidence. — When proof of guilty knowledge or intent is necessary, facts tending to establish it are competent evidence, notwithstanding they constitute a distinct offence.

APPEAL from the District Court of Tarrant.    Tried below
before the Hon. A. J. HOOD.

The opinion and head-notes indicate the material facts.
The testimony concurred in describing the animal as a " two-
year-old," and not a beef-steer, which, as known among
cattle-dealers, must be at least three years of age.    A term
of two years in the penitentiary was the punishment assessed
against the appellant.

*J. C. Kearby, J. R. Hayter*, and *B. G. Johnson*, for the
appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J.    The principal grounds relied on for a re-
versal of the judgment are supposed error in the charge of
the court as to the defence of an honest claim of right in the
defendant existing at the time of taking the animal, of the
theft of which he is charged, and the question of venue;
also, a supposed variance between the proofs and the descrip-
tive averment in the indictment, and supposed error in the
rulings of the court upon the evidence.

As to the charge of the court on the subject of a claim
of right in the defendant at the time of the taking, it is the
duty of the court, in trials for felonies, to gauge the charge
by the evidence, and instruct the jury as to the law applica-
ble to every legitimate deduction to be drawn by the jury
from the testimony.    In this case there was testimony be-
fore the jury tending to show that when the animal was first
taken by the defendant he claimed it as his own.    There was
also some testimony tending to show that the animal in ques-
tion, as well as the bunch of cattle with which it was run-
ning when taken by the defendant, belonged to the father of
the defendant, and that the defendant had authority from
the father to control the stock to which the animal belonged.
In law, the defendant could not be convicted of theft in the

event that, when he took the animal upon which the theft is charged, he honestly believed, either that the animal was his, or that it belonged to another and that he had the authority of the true owner to take it; and this would be the case even if it turned out, on full investigation, that the defendant was laboring under a mistake honestly made. In such a case the fraudulent intent, which is the gist of the offence of theft, would be wanting.

On the trial, counsel for the defendant, supposing the charge to be defective in that it did not clearly present these views of the defendant's case to the consideration of the jury, requested instructions intended to cure the supposed defect in the charge, which the court refused to give; and in this we are of opinion the court erred to the prejudice of the defendant. *Heath* v. *The State,* 7 Texas Ct. App. 464, and authorities there cited. Whilst the law is for the court, the jury must deal with the facts; and to enable them to apply the facts to the law, they should have appropriate instructions given in the charge. The charge given by the court is defective in that the attention of the jury is not drawn in a pointed manner, and specially, to the apparent defences set up and attempted to be proved by the defendant on what seem to be the vital points of the defence. In such case, it is in accordance with correct practice for the counsel representing the defendant to request the court to give such further instructions to the jury as will cure the supposed defect. We cannot approve in all respects the language of the special instructions asked by the defendant on this branch of the subject; still, we deem it sufficient to call the attention of the court to the defect in the general charge. This subject is regulated by art. 679, Code of Criminal Procedure, which directs that the court shall either give or refuse the special instructions asked, with or without modification, and when the court shall modify the charge, it shall be done in writing, and in such manner as to clearly show what the modification is. So that if the judge, by a special instruction requested,

should have his attention called in this manner to a material defect or omission in the general charge, whilst the requested instruction may not be couched in appropriate language so as to cure the defect or omission, yet if there be such defect or omission in the general charge, and if the charge requested be sufficient to call the attention of the court pointedly to the error, either the special instruction or the general charge should be so modified as that the charge, all together, should present the law of the case, and of every legitimate view of the case as developed by the evidence, so that the jury might be enabled to apply the facts to the law. *McMahon* v. *The State*, 1 Texas Ct. App. 102 ; *Heath* v. *The State*, 7 Texas Ct. App. 464.

On the subject of venue, both as to the charge and the evidence, it seems to us from the examination of the record that certain provisions of law concerning theft were overlooked on the trial. The provisions of art. 216, Code of Criminal Procedure, apply peculiarly to theft, and are as follows :  " When property is stolen in one county and carried off by the offender to another, he may be prosecuted either in the county where he took the property or in any other county through or into which he may have carried the same." The trial seems to have been conducted under art. 209, which, we are of opinion, is controlled by art. 216 in prosecutions for theft. Hence, if there was any proof in this case tending to show that the property was taken in Dallas County and conveyed by the taker into Tarrant County, where prosecuted, then it would be immaterial whether the animal was taken on or near the line between the two counties or not, and art. 216 would control. If, on the other hand, there was no proof of the taking elsewhere than in the county of the prosecution, then art. 209 would apply, whether with reference to the testimony or to the charge. This with reference to another trial of the case. On a question of venue, attention to the venue of the particular offence as declared in the Code should not be lost sight of.

As to the county within which offences may be prosecuted, see Code of Criminal Procedure, chap. 2, arts. 205 to 225, inclusive, and note, p. 28.

With reference to the question of variance between the allegation and the proof with reference to the identity of the animal, the indictment charges the defendant with the theft of " a certain beef-steer," which is the description, and the only description, given in the indictment relating solely to the animal. The witnesses describe the animal as a two-year-old steer, and they all agree that a two-year-old animal is not, in the parlance of stock-men, a beef-steer; that the appellation " beef-steer " applies only to animals of three years old and upwards. There was no necessity that the pleader should have described the animal in the manner and with the particularity set out in the indictment, as a *certain beef-steer*, but, having done so, the averment is made one of description in order to identify the animal, and, this being the case, the law requires that the descriptive averment must be proved as laid in the indictment; and if this proof be not made, the testimony will not support a verdict of guilty, as has been repeatedly held by this court. The rule is correctly laid down by Mr. Greenleaf (vol. 1, sect. 65): " If the averment is divisible, and enough is proved to constitute the offence charged, it is no variance though the remaining allegations are not proved.  *  *  *  But when a person or thing necessary to be mentioned in an indictment is described with unnecessary particularity, all the circumstances of description must be proved, for they are all made essential to the identity." This rule is cited in *Watson* v. *The State*, 5 Texas Ct. App. 11, in which it was said that this rule has been substantially followed, so far as we are advised, both by the Supreme Court and this court. See cases cited in the opinion in Watson's case on this rule, and also examples given in 1 Greenleaf on Evidence, sect. 65, and 1 Bishop's Criminal Procedure, sect. 486.

We deem it unimportant to note more particularly the mat-

ters mentioned in the defendant's bill of exceptions, further than to notice a supposed error of the court in its ruling upon the evidence, and to say that we see no very material error in the rulings of the court likely to be committed on another trial, and to state a general rule of evidence, as follows: When the *scienter* or *quo animo* is requisite to, and constitutes a necessary and essential part of the crime with which the person is charged, and proof of such guilty knowledge or malicious intention is indispensable to establish his guilt in regard to the transaction in question, testimony of such acts, conduct, or declarations of the accused as tend to establish such knowledge or intent is competent, notwithstanding they may constitute in law a distinct crime. 1 Whart. Cr. Law, sect. 649; 1 Greenl. on Ev., sect. 53, and notes; *Francis* v. *The State*, 7 Texas Ct. App. 501; *Heard* v. *The State*, decided at the late Austin term, *ante*, p. 1.

The evidence offered in the present case, of driving other animals with the one charged to have been stolen, was admissible under this rule on the question of the intent of the defendant. The intent with which property is taken is a material inquiry in cases of theft. Any testimony which tends to throw light upon the question of intent is generally admissible in such cases.

For the errors pointed out, and particularly because the court failed to give in an appropriate form the charge asked by the defendant on the issue presented of the innocent intention of the defendant at the time of the taking, the judgment will be reversed and a new trial awarded.

*Reversed and remanded.*